## THE STATE v. WASH NATIONS ET AL.

Where all the words in the indictment might be so put together as to make it sufficient, yet if the charge is so inartistically framed as to leave it uncertain who was intended to be killed, it was proper to arrest the judgment. (Paschal's Dig., Arts. 2863, 2866, Note 720.)

APPEAL from Gonzales. The case was tried before Hon. WESLEY OGDEN, one of the district judges.

The defendants were indicted for assault with intent to kill and murder. The indictment was, that the defendants, "feloniously, willfully, and of their malice aforethought, did make an assault, and with certain pistols and shot-guns, then and there loaded with gunpowder and leaden bullets, which pistols and shot-guns they, the said Wash Nations, Primus, Jim, and Emanuel, in their right hands then and there had and held at, towards, and against the said John Glover and Solomon Bozar, then and there feloniously, willfully, unlawfully, and of their malice aforethought, did shoot, with intent then and there and thereby feloniously, willfully, maliciously, unlawfully, and of their malice aforethought to kill and murder."

The appellee, having been convicted and sentenced to two years' imprisonment in the penitentiary, moved in arrest of judgment, on the ground of the insufficiency of the indictment, and the motion was sustained.

*E. B. Turner, Attorney General,* for the state.—I. The defendants sever. Emanuel is placed on trial, pleads not guilty to the indictment, is convicted, and his punishment is assessed at two years in the penitentiary.

Defendant then moves the court to quash the indictment, calling it a motion in arrest of judgment. If there was any defect in the indictment, the motion to quash should have been made before going to trial. (Paschal's Dig., Art. 2949.)

The motion to quash, or whatever name we may call it, (it really was nothing more than a general exception to the indictment,) is so general, that the court should not have noticed it. (The State v. Schoolfield, 29 Tex., 501.) And, under the law, as laid down in the code, those objections which go to the form of the indictment should precede the general plea of not guilty, and be acted upon by the court, or they will be considered as waived. (The State v. Thompson, 18 Tex., 526.)

II. True, a judgment may be arrested for any substantial defect in the indictment, or, in other words, if the same will not support the conviction. (Paschal's Dig., Art. 3143, Note 764.)

The matters of objection to the indictment as to substance are expressed in article 2954. They form no part of the motion in arrest, as it is called; therefore, if any objection to the indictment could be made, it was as to form.

The nine requisites of an indictment by our laws are stated in article 2863, and I respectfully submit that each of those requisites is to be found in this indictment, and the same should have been sustained.

The record discloses the quashing of the indictment both as to the defendants Emanuel and Nations, and an appeal from the ruling as to each defendant. Nations now asks this court to dismiss the appeal, because the state did not subject him to the inconvenience of entering into recognizance.

*J. F. Miller*, for the appellees.

CALDWELL, J.—We are of opinion that the indictment is insufficient, and that the judgment was properly arrested. The indictment does not designate with precision the person or persons intended to be killed, nor does it aver the intent with which the assault was committed with that certainty required in criminal pleadings. (Paschal's Dig., Art. 2866.)

True, there are apt words contained in the indictment sufficient to frame a good one, but they are so inartistically used, that we doubt if a judgment under this indictment could be successfully pleaded in bar of another prosecution for the same supposed offense. This view of the case renders it unnecessary to notice the motion to dismiss the appeal as to Nations. The indictment being held insufficient,

no conviction founded thereon can be maintained. The judgment of the court below in all things is

Affirmed.